Per Curiam.

At the hearing on this matter in the Probate Court, no evidence was offered by the attorneys in support of their application for the awarding of fees. ■ The attorneys take the position that the court had the file before it, and that this was evidence of the services which they had performed, sufficient to justify the award of fees which was made.
There is no question that the attorneys were employed by the executors to represent them in the settlement of this estate, and that the attorneys performed such services.
Section 2113.36, Revised Code, provides that, where an attorney is employed in the administration of an estate, reasonable attorney fees shall be paid.
This means that reasonable attorney fees shall be based upon the actual services performed by the attorneys and upon the reasonable value of those services.
It is the opinion of this court that the Probate Court erred in not requiring from the attorneys some evidence of the services rendered and evidence of the reasonable value of such services, in addition to the file in the Probate Court.
This court can not say that the attorneys in this case were not conscientious in their duty in' performing the services required by them as attorneys. This court can not say, from the *559 record, what the value of their services should be. However, the burden is upon the attorneys to introduce into the record sufficient evidence of the services performed and of the reasonable value of such services, to justify reasonable attorney fees in the amount awarded. This the applicants have failed to do.
This court agrees with the dissenting opinion of Judge Rutherford of the Court of Appeals, when he said:
“* * * the Probate Court erred and abused its discretion by awarding attorney fees in the sum of $18,000 without evidence of services to substantiate said award of fees as being reasonable.”
So far as the Probate Court attempted to substantiate the fees awarded by stating that attorneys were worth twice as much as executors, the court was in error. In fact, the probate judge, in his opinion, seems to have recognized the weakness of this position when he included the phrase, “although it is not set up as.a precedent to govern any other case.”
The judgment of the Court of Appeals is reversed and this cause is remanded to the Probate Court of Franklin County for further proceedings according to law.

Judgment reversed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Long and O’Neill, JJ., concur.
Long, J., of the First Appellate District, sitting by designation in the place and stead of Herbert, J.